**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TONJA MARIE DECARO,**<br><br>                    **Plaintiff,**<br><br>          v.<br><br>**NEWARK PUBLIC SCHOOLS,**<br><br>                    **Defendant.** | **Civil Action No. 18-13472 (ES) (MF)**<br><br>**MEMORANDUM OPINION** |

**SALAS, DISTRICT JUDGE**

Before the Court is defendant Newark Public Schools' ("Defendant") motion to dismiss *pro se* plaintiff Tonja Marie DeCaro's ("Plaintiff") complaint (D.E. No. 1, Complaint ("Compl.")) under Federal Rules of Civil Procedure 4(m), 12(b)(6), and 12(b)(1). (D.E. No. 11). Plaintiff did not file an opposition. The Court has considered the parties' submission and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's motion to dismiss is GRANTED.

**I.    Background[1]**

At the onset, the Court notes that Plaintiff's Complaint is not a model of clarity. In light of Plaintiff's *pro se* status, the Court gleans, as best it can, the following facts from the Complaint and the attached exhibits. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff began working for the Defendant during the 2005–2006 school year. (Compl. at

---

[1]    The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

1

9[2]). Plaintiff alleges that she was consistently "rated satisfactory or effective" in her evaluations, until the 2014–2015 school year, when she was rated partially effective. (*Id.*). Plaintiff alleges that the partially effective rating was the result of "being out of the classroom from 2011 to 2013[;] no[t being] train[ed] in Child Literacy Initiative (CLI), Calendar Math, and Created Curriculum[;] not having the opportunity to put core knowledge into practice[;] and the district never allowing [her] the opportunity to master the skills to become an effective teacher and . . . work within the new framework." (*Id.* at 9–10).

In response to these incidents, Plaintiff filed a complaint in this District, Civil Action Number 15-5540 (the "15-5540 Matter"), alleging that the "district of [Newark Public Schools] knowingly discriminated, retaliated, and used false allegation harassment [*sic*] . . . as a motive to not promote [her]." (D.E. No. 11-3 at 9[3]). There, Plaintiff also alleged that she was discriminated against based on her "color." (*Id.* at 17). The Honorable Susan D. Wigenton, U.S.D.J., dismissed Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief could be granted. *DeCaro v. Newark Public School*, No. 15-5540, 2016 WL 3545075, at *3 (D.N.J. June 28, 2016).

Plaintiff now alleges that she received her personnel file from human resources in 2017. She states that the file included "some damaging e-mails" showing that "the district allowed Administrator(s) to remove [her] from [her] teaching position (from 2011 to 2013)" and that they "then plac[ed] [her] back into the classroom" and rated her "partially effective in 2014" despite not giving her the appropriate training. (*Id.*).

---

[2]   Pincites to page numbers in the Complaint refer to the CM/ECF pagination generated on the upper-righthand corner.

[3]   The Court may review documents filed in the 15-5540 Matter, such as the underlying complaint, because they are matters of public record. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Moreover, Plaintiff's instant Complaint references the 15-5540 complaint. (Compl. at 10).

Plaintiff also asserts that the "retaliation and harassment in the form of discrimination is still continuing," and that this is because she filed the 15-5540 Matter in 2015. (Compl. at 10). For instance, Plaintiff states that she received three partially effective ratings from Defendant for the 2014, 2015, and 2016 school years, which under a "state mandate" constitutes an automatic "tenure charge[]." (*Id.*). Thus, at the end of the 2015–2016 school year, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") "complaint with the Newark Public Schools Office of Affirmative Action," asserting that she was being retaliated against in the form of her "partially effective" evaluation for the 2015–2016 school year. (*Id.*).

Plaintiff also asserts that her position at the South Street School was cut from the school's budget for the 2017 school year, because "[she] did not hold a bilingual certification." (*Id.*). She appears to state that, she subsequently secured a position as a second-grade teacher at the Thirteenth Avenue School "with 23 or more student [*sic*] and part of the school budget." (*Id.*). However, by the end October of 2017, Plaintiff was removed from the classroom and placed in the basement without any students or the ability to master the necessary skills to become an effective classroom teacher. (*Id.* at 10–11). Plaintiff asserts that she was also told: "why you won't [*sic*] just go to another district." (*Id.* at 11). Plaintiff alleges that as a result of the stress she was suffering, her doctor placed her on family medical leave by the end of October 2017. (*Id.*). Finally, Plaintiff asserts that "Labor Relations never had any intentions [*sic*] of doing an investigation." (*Id.* at 11).

Based on these allegations, Plaintiff asserts claims of "color" discrimination and retaliation against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (*See id.* at 4 & 6).

**II.     Legal Standard**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer*, 605 F.3d at 230. But a limited exception exists for "document[s] *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original).

Relevant here, "[a] document filed *pro se* is 'to be liberally construed' . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. "Yet there are limits to our procedural flexibility" when it comes to *pro se* litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Particularly, *pro se* litigants are not relieved of the obligation to plead enough

factual matter to meet Rule 8(a)(2)'s plausibility standard. *See Franklin v. GMAC Mortg.*, 523 F. App'x 172, 172–73 (3d Cir. 2013); *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) ("The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'").

**III.   Analysis**

Plaintiff's Complaint asserts claims of discrimination based on "color" and retaliation against Defendant under Title VII. (Compl. at 5). The Complaint fails to state a plausible claim under either theory.

First, to make a prima facie case of employment discrimination pursuant to Title VII, Plaintiff must show: "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). While the complaint "need not contain specific facts establishing a *prima facie* case to survive a motion to dismiss, it must contain at least sufficient factual matter to support a reasonable inference that Defendant engaged in race [or color] discrimination against Plaintiff." *Liggon v. Simmons Pet Food*, Civ. No. 15-1472, 2015 WL 1189561, at *3 (D.N.J. Mar. 13, 2015) (internal quotation marks omitted).

Here, while Plaintiff's Complaint indicates that Defendant discriminated against her on the basis of her color (Compl. at 5), Plaintiff has not plausibly pleaded that she is entitled to relief under Title VII for color discrimination. Particularly, aside from mentioning "color" only once, the Complaint provides no specific facts even suggesting that Defendant discriminated against her *because* of her color (or because of her race, for that matter). (*See generally* Compl.). As such,

Plaintiff has failed to state a Title VII discrimination claims that is plausible on its face. *See, e.g.*, *Kim v. Prudential Financial*, No. 19-19594, 2020 WL 2899259, at *3 (D.N.J. June 3, 2020) (collecting cases for the proposition that a plaintiff cannot maintain a Title VII discrimination claim when the complaint fails to provide any facts showing a causal connection between the discriminatory conduct and the plaintiff's protected characteristic).

Similarly, the Complaint fails to plead a plausible Title VII retaliation claim. To establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate (i) "that she was engaged in a protected activity known to the employer;" (ii) "that she was thereafter subjected to an adverse decision by the employer;" and (iii) "that there was a causal link between the protected activity and the adverse employment decision." *Cortes v. Univ. of Med. and Dentistry of N.J.*, 391 F.Supp.2d 298, 311 (D.N.J. May 5, 2005); *see also Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994).

Here, even assuming Plaintiff engaged in a protected activity, the Complaint simply fails to provide any factual allegations to support the finding that any adverse employment action she allegedly suffered was caused because she engaged in the protected activity. That is, the Complaint contains no facts that would even give rise to the inference that one of the reasons why Plaintiff received partially effective ratings in her evaluations, was terminated from her position at the South Street School, or suffered a reduction of responsibilities at the Thirteenth Avenue School was because she engaged in a protected activity. (*See generally* Compl.). To the contrary, her own allegations suggest that, for example, Plaintiff was cut from the school's budget for the 2017 school year because "[she] did not hold a bilingual certification," a non-retaliatory reason. (*Id.*). And moreover, the Complaint does not even allege that any of the individuals who made the decisions giving rise to the alleged adverse employment actions were, in fact, aware that Plaintiff

6

had engaged in a protected activity. As such, she has not established a causal link between a protected activity and any of the alleged retaliation. Therefore, Plaintiff has failed to plead a title VII retaliation claim. *See, e.g.*, *Grant v. United States Post Office*, No. 19-9107, 2020 WL 133082, at *4 (D.N.J. Jan. 13, 2020) (dismissing retaliation claim where the plaintiff failed to allege facts showing a causal link between the protected activity and the alleged retaliatory act).

According, Plaintiff's Complaint must be dismissed.[4]

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED and the Complaint is dismissed.[5] Further, because Plaintiff has repeatably failed to plead her Title VII claims, the Court finds that any amendment would be futile. *See, e.g.*, *Foster v. Raleigh*, 445 F. App'x 458, 460 (3d Cir. 2011); *Caterbone v. Nat'l Sec. Agency*, 786 F. App'x 351, 352 (3d Cir. 2019). Therefore, the dismissal is *with prejudice*. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] Defendant appears to believe that the Complaint also asserts state law claims because the Complaint alludes to Plaintiff's performance evaluations and tenure. (*See* D.E. No. 11-1 at 13 (asserting that the Court lacks jurisdiction to review these state law claims)). While the Court must liberally construe a *pro se*'s complaint, it need not summon into existence unalleged claims. The Court does not read any state law claims in Plaintiff's Complaint, which focuses entirely on alleged Title VII violations. To the extent any such state law claim exists, the Court declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367; *Washington v. Specialty Risk Servs.*, No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "[w]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so") (alterations in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

[5] Because the Court dismisses the Complaint on this ground, the Court need not reach Defendant's alternative arguments for dismissal.